·H. H. EYLES, Intervenor, v. THE SOUTHERN OHIO SAVINGS BANK & TRUST COMPANY, as Executor of the estate of William S. Burkhart, deceased, and FREDERICKA LUCIAN, as Executrix of the Estate of Leonora Forney Burkhart, deceased.

19 So. (2nd) 105                                   June Term, 1944
August 1, 1944                                        En Banc
Rehearing denied September 11, 1944

*H. H. Eyles*, for appellant.

*Loftin, Anderson, Scott, McCarthy & Preston*, for Appellees, Southern Ohio Savings Bank & Trust Company, and *A. C. Franks* for Fredericka Lucian, as executrix of the Estate of Lenora Forney Burkhart, deceased, appellee.

TERRELL, J.:

The Appellee, Southern Ohio Savings Bank and Trust Company, filed its bill of complaint in the circuit court

against Fredericka Lucian, as Executrix of the estate of Leonora Forney Burkhart, deceased, to enjoin the enforcement of a decree entered thereby June 10, 1941, in the case of Burkhart v. Burkhart and to declare said decree void. The chancellor overruled a motion to dismiss the bill and granted a temporary injunction against the enforcement of the decree. Certiorari to review this decree was denied by this Court. Lucian v. Southern Ohio Savings Bank and Trust Company, 154 Fla. 782, 19 So. (2nd) 105.

After certiorari was denied appellant, as complainant, filed his petition to be permitted to intervene in said cause on the ground that final decree sought to be annulled "adjudicated that the defendant William S. Burkhart pay to your petitioner for services rendered in said cause, as special master of said court a fee of $500" and that such adjudication gave him a monetary interest and property right in the decree. The trial court denied the motion to intervene and this appeal was prosecuted.

The question presented is whether or not the award of a master's fee to appellant by the decree of June 10, 1941, in the case of Burkhart v. Burkhart gave him (appellant) such an interest in said decree as entitled him to intervene and to be heard in an action seeking to have it declared void.

Appellee questions whether or not the terms of the decree are such as to warrant appellant in claiming compensation under it but we think it is ample for that purpose. To support his right to intervene appellant relies on Section 9, of the Chancery Act, the same being Section 63.09, Florida Statutes of 1941, as follows:

"Interventions.—Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

In our view, the terms of the Act so quoted were sufficient to warrant appellant in applying to the court below to intervene and be made a party defendant for the purpose of protecting the validity of the decree and that it was necessarily in subordination to, and in recognition of the propriety

of the main proceeding. It is further apparent that if the decree of June 10, 1941, should be declared void the appellant here would be without redress and deprived of the opportunity to show that the fee was legal and binding.

One does not have to be a judgment creditor in order to intervene, a claim in equity is equally as good basis to support such a right besides there are other reasons apparent in this case. There is ample showing of such a right in this case so the decree denying the right to intervene is reversed with directions to reopen the cause and permit appellant to answer the bill of complaint or file such other defense as he may elect.

Reversed with directions.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.